IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELIZABETH WEEKS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:22-cv-00552-AAQ |
| MGM NATIONAL HARBOR, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, MGM National Harbor, LLC, by and through its Undersigned Counsel, and hereby moves this Honorable Court for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

**I.    FACTS**

This case involves a trip-and-fall accident that occurred on December 13, 2020 at the MGM National Harbor Casino located at 101 MGM National Avenue, in Oxon Hill, Maryland.  (*See* Plaintiff's Complaint, at ¶¶ 6-7).  Plaintiff testified that she was out celebrating her birthday with several friends at the Casino. (Plaintiff's Deposition, excerpts of which are attached as **Exhibit 1**, 65:9-13, 68:20-69:22, Sept. 21, 2022).  While at the Casino, Plaintiff and one of her friends went to the second floor level to play a few games.  (**Exhibit 1**, 72:6-16).  As Plaintiff and her friend were walking and talking, Plaintiff "walked into . . . [a] cart." (**Exhibit 1**, 73:17-74:8).  As Plaintiff testified she "walked directly into it."  (**Exhibit 1**, 74:8-10).

The cart was located in the walkway aisle.  (**Exhibit 1**, 74:8-9).  Plaintiff described the aisle as "wide" at her deposition.  (**Exhibit 1**, 75:13-19). The aisle had carpet which was colorful in nature.  (*See* **Exhibit 1**, 76:5-8).  Plaintiff was able to see where she was walking at the time of

the incident. (**Exhibit 1**, 76:19-22). Plaintiff testified that no one was around or walking the opposite direction, to block her view, at the time of the incident. (*See* **Exhibit 1**, 81:5-10).

Plaintiff testified that she had been walking this direction for "a minute or two" prior to the incident. (**Exhibit 1**, 77:15-22). Plaintiff described the cart she walked into as "silver" and six (6) inches high off the ground. (**Exhibit 1**, 78:20-22, 79:4-11). Undisputedly, the type of cart involved is pictured here:



Plaintiff alleges that the placement of the cart, in the walkway, created a dangerous condition. (*See* Plaintiff's Complaint at ¶ 11). A photograph of Plaintiff walking towards the cart and the location of the cart prior to the fall, taken from surveillance video follows:



As observed, Plaintiff appears in the left corner of the photograph with the cart in front of her to her right side. Plaintiff asserts the Defendant breached its duty of reasonable care by failing to properly maintain its Premises in a safe condition, and by failing to warn Plaintiff of the dangerous condition – the cart in the walkway – that ultimately caused her injuries. (*See* Plaintiff's Complaint).

## II. LEGAL ARGUMENT

### a. Plaintiff has failed to produce sufficient evidence to establish a *prima facie* case of negligence against Defendant.

Plaintiff is proceeding against the Defendant under a theory of negligence. It is axiomatic that the Defendant is subject to liability for harm caused to the Plaintiff, if, and only if:

1. It knows, or by the exercise of reasonable care should have known, of a condition which, if known to it, it should realize involves an unreasonable risk to the Plaintiff; and

2. It should expect that the Plaintiff would not discover the condition; and

> 3. It failed to exercise reasonable care to protect the Plaintiff against the danger, provided it had knowledge or notice of this danger in sufficient time to give the store the opportunity to remove it or warn the Plaintiff of it.

*Maans v. Giant of Maryland*, 161 Md. App. 620, 626, 871 A.2d 627, 631 (2004); *Deering Woods Condo. Assn. v. Spoon*, 377 Md. 250, 263, 833 A.2d 17 (2003); *Rawls v. Hochschild Kohn & Co.*, 207 Md. 113, 113 A.2d 405, 407 (1955); *Chalmers v. Greater Atlantic & Pacific Tea Co.*, 172 Md. 552, 192 A. 419 (1937).

In other words, the condition complained of must pose an unreasonable risk to the invitee <u>and</u> must not be susceptible to recognition or discovery by the Plaintiff in order for the Defendant to be held liable for any harm resulting from the condition. The Defendant respectfully submits that there is no liability when this Honorable Court analyzes the matter under the rules set forth above.

As this Honorable Court is well aware, "the proprietor . . . is not an insurer of his customers' safety while they are on the premises, and no presumption of negligence arises merely from a showing that an injury was sustained." *Rawls*, 207 Md. at 118, 113 A.2d at 408. Conversely, the legal assumption is that reasonable care was exercised by each party. *Maans*, 161 Md. App. at 627, 871 A.2d at 631. When one party charges another with negligence, it is that party's duty to prove such negligence by a preponderance of the evidence. *Id.* Speculation or guesswork is not sufficient. *Rawls*, 207 Md. at 119, 113 A.2d at 408.

It is respectfully submitted that a jury would have to speculate or guess as to the cause of liability under the evidence of the Plaintiff's case. Moreover, while the Defendant in this case is required to warn of patent or concealed dangers because of its knowledge, it has no duty or obligation to warn of such dangers which are open and obvious to those who come onto its Premises, or are as well known to those coming to the Premises as known to Employees and Staff. *Rawls*, 207 Md. at 119, 113 A.2d at 408. The Defendant is entitled to assume that the Plaintiff will act reasonably and will possess the same perception of her surrounding circumstances as a

reasonably prudent person. *Yaniger v. Calvert Building & Construction Co.*, 183 Md. 285, 37 A.2d 263, 264 (1944).

A review of the undisputed facts in this case indicates that the Plaintiff cannot show by any evidence that the injuries sustained were a direct consequence of negligence on the part of the Defendant herein, and, therefore, there is no rational ground upon which a verdict for the Plaintiff could be based. A mere surmise that there may have been negligence will not justify this Honorable Court in permitting this case to be presented to the jury. *Olney v. Carmichael*, 202 Md. 226, 96 A.2d 37 (1953). The burden is clearly upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence for a reasonable period of time prior to the accident occurring. *Lexington Market Authority v. Zappala*, 233 Md. 444, 197 A.2d 147 (1964). There is no evidence in this case to suggest that the Defendant created a negligent condition, nor that the presence of the cart was improper or deficient in any way. Plaintiff does not allege that the cart itself was defective in any manner; nor that the Defendant had actual or constructive knowledge of the alleged dangerous condition prior to the time that this accident occurred. Moreover, even if Plaintiff made such allegations, they would fail to state a claim as the presence of the cart was open and obvious as a matter of law. Accordingly, granting summary judgment in favor of Defendant is proper.

      **b. The cart constitutes an open and obvious condition under Maryland law.**

In Maryland, the general rule is that an owner who invites the public into his or her place of business "is bound to exercise ordinary care to keep his premises in a reasonably safe condition and to give appropriate warning of any latent or concealed dangers." *Ludloff v. Hanson*, 220 Md. 218,223-24, 151 A.2d 753, 754 (1959). Because liability is premised on the owner's superior knowledge with respect to the condition of the property, "[t]he dangerous condition must not be

known to the customer nor be so obvious that he should have known of it." *Id.* at 224, 151 A.2d at 755-56. The Defendant respectfully submits that neither the cart itself nor its placement in the Premises constituted an unreasonably dangerous condition in the present case. Rather, the cart in question constituted an open and obvious condition, and as such, the Defendant owed no duty to the Plaintiff.

In *Chalmers v. Great Atlantic & Pacific Tea Co.*, *supra*, the Court of Appeals distinguished between injuries caused by abnormal conditions of the business and injuries caused by conditions which are open and obvious. Specifically, the court stated:

> Boxes, cartons, crates, and bags are commonly found in grocery and provision stores placed in a more or less disorderly way about the store, without relation to any definite system of arrangement or purpose, except perhaps convenient access to their contents. Visitors to such a store must expect to find and to guard against those conditions, because they are an ordinary and usual incident of the business. One is not required to conduct an ordinary and lawful business at his peril merely because persons visiting his premises for business purposes may be injured by conditions commonly incident to the business, when they could have avoided the danger by exercising the degree of vigilance which the conditions required. If one enters a store where he must reasonably expect to find boxes, bags, or other like obstructions, placed irregularly here and there on the floor, he must look for them, and if he does not look, and falls over such an obstruction, because he did not look, he cannot complain.

*Chalmers*, 172 Md. 552, 192 A. at 420.

Accordingly, *Chalmers* establishes that an invitee must not only expect to find open and obvious obstructions in an aisle or walkway, but must also satisfy an affirmative duty to guard against hurting himself on such obstructions.

Similarly, in *Honolulu Ltd. v. Cain*, 244 Md. 590, 224 A.2d 433 (1966), the Court of Appeals clarified that:

> [T]he defendant can be held liable only for maintaining a condition which is **unreasonably dangerous**. The ordinary person can encounter many dangers safely if he is fully aware of their presence at the time. Where a dangerous condition is obvious, the plaintiff may be charged with knowledge of it, and the knowledge of the condition may remove the element of unreasonableness from a danger.

*Id.* at 599, 224 A.2d at 437 (emphasis added).

Finally, the Defendant would respectfully refer this Honorable Court to the instructive case of *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 164 A.2d 273 (1960). In *Evans*, the Plaintiff brought an action against a restaurant proprietor for injuries sustained as a result of a trip-and-fall over a magazine rack. In affirming a trial court's directed verdict for the Defendant, the Court concluded:

> It is a matter of common knowledge that many restaurants, drugstores, barbershops, and similar establishments sell newspapers, magazines, and other articles of merchandise. And the law recognizes that, of necessity, a seller of merchandise must utilize counters, cases, racks, and other equipment in which to display his wares, and, if such equipment be reasonably designed and properly arranged, customers reasonably can be expected to avoid injury therefrom when it is in full view. We, therefore, conclude that the injuries received by [Appellant] were the result of a condition of the [A]ppellee's premises that was commonly incident to its business.

*Id.* at 241, 164 A.2d at 277 (citations omitted).

The Court went on to point out that:

> A merchant is entitled to use his discretion in the selection of the equipment to display his goods, so long as it is reasonably designed and properly arranged. . . . Without unduly prolonging this discussion, we think the rack was an ordinary piece of business furniture, reasonably designed and located in a prominent obvious position, and the Appellee reasonably could have believed that [Appellant] would have observed the same and avoided injury to herself by striking her ankle on its side.

7

*Id.* at 241-42, 164 A.2d at 277.

In sum, Maryland law charges the Plaintiff with the affirmative duty of using caution with regard to open and obvious conditions created in the normal course of business.

The instant case is very similar to the *Evans* case. Here, the cart, like the magazine rack in *Evans*, was reasonably designed and located in an open and obvious position, and therefore, Defendant reasonably could have believed that the Plaintiff would have observed the same and avoided injury to herself. As emphasized above, the cart was steel, positioned off the floor, located in the walkway which was well lit with bright carpeting and was easily identifiable to all patrons. There is no question that the Plaintiff knew of the obvious danger posed by failing to walk carefully.

The appearance of the cart, and its location were all known, or should have been known to the Plaintiff, prior to her trip-and-fall. Indeed, Plaintiff testified that she had been walking this path of travel for some time and nothing was blocking her view. For the foregoing reasons, the Defendant respectfully submits that the cart in question was an open and obvious condition as a matter of law, and therefore, this Honorable Court must grant the Defendant's Motion.

    **c. Plaintiff's own negligence bars her claim.**

As set forth, Plaintiff maintains that she "walked into . . . [a] cart" after walking in said direction for "a minute or two." (**Exhibit 1**, 73:74:8, 77:15-22, 78:20-22, 79:4-11). The cart, silver in color and lifted off the ground, was located in the "wide" walkway aisle with a colorful carpet. (**Exhibit 1**, 74:8-9, 75:13-19, 76:5-8). Plaintiff was able to see where she was walking at the time of the incident and no one was blocking her view. (**Exhibit 1**, 76:19-22, 81:5-10).

The Court of Appeals addressed the concept of contributory negligence in the case of *Menish v. Polinger Company*, 277 Md. 553, 356 A.2d 233 (1976). Therein Judge O'Donnell explained:

> Before the doctrine of contributory negligence can be successfully invoked, it must be demonstrated that the injured party acted, or failed to act, with knowledge and appreciation, either actual or imputed of the danger of injury which his conduct involves. When one who knows and appreciates, or in the exercise of ordinary care should know and appreciate, the existence of danger from which injury might reasonably be anticipated, he must exercise ordinary care to avoid such injury; when by his voluntary acts or omissions he exposes himself to danger of which he had actual or imputed knowledge, he may be guilty of contributory negligence.

277 Md. at 560-61; 356 A.2d at 237.

The Court also held:

> The rule to be applied, in determining whether the facts justify a holding that the plaintiff was guilty of contributory negligence as a matter of law, is that the act (or omission) so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligence.

277 Md. at 562, 356 A.2d at 238.

Here, Plaintiff's act of traveling a direction for one to two minutes and failing to observe a large silver object, contrasted by a bright carpet, in an open walkway with no obstacles blocking her view constitutes contributory negligence. Plaintiff, by her voluntary acts and omission, exposed herself to danger of which she had actual or imputed knowledge. Accordingly, she is guilty of contributory negligence and summary judgment on this ground is proper.

## III. CONCLUSION

It is respectfully submitted that this Honorable Court should grant the Defendant's Motion for Summary Judgment as the undisputed facts are legally insufficient to establish a *prima facie* case of negligence against the Defendant, MGM National Harbor, LLC.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Emily F. Belanger*
_____
Angela W. Russell ( Bar No. 15227)
Emily F. Belanger (Bar No. 18893)
250 West Pratt Street, Suite 2200
Baltimore, MD 21201
Phone:  (410) 538-1800
Fax: (410) 962 -8758
Angela.Russell@wilsonelser.com
Emily.Belanger@wilsonelser.com
*Attorneys for Defendant, MGM National Harbor, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2022, a copy of foregoing was served via this Court's e-filing system:

Stephen N. Caramenico
Malloy Law Offices, LLC
7910 Woodmont Ave., Suite 1250
Bethesda, MD 20814
Stephen@malloy-law.com
*Attorneys for Plaintiff*

        */s/ Emily F. Belanger*_____
        Emily F. Belanger